[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15624
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:08-cr-00076-SLB-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLINT LAVASTON WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 30, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Clint Lavaston Walker appeals his 120-month sentence, the maximum statutorily available sentence and an upward variance of more than twice the maximum suggested by the Guidelines, after pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Walker argues that his sentence was procedurally unreasonable because the court, in fashioning its sentence, looked solely to his history and characteristics to the exclusion of the other factors the court is required to consider under 18 U.S.C. § 3553(a). Walker also argues that his sentence was substantively unreasonable because the district court placed too much weight on his criminal history and merely used the offense of conviction as a pretext to sentence him for offenses for which he had already been sentenced. Lastly, Walker contends that the reasons given by the district court in support of its decision to impose a variance from the guidelines were not sufficiently compelling, especially in light of the degree of the variance.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc), *cert. denied*, 131 S. Ct. 1813 (2011). We will reverse a sentence under that standard only if the district court has made a clear error of judgment. *Id.* at 1189. When conducting this review, we must take into account the totality of the

facts and circumstances, including the extent of any variance from the guideline range. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We will not reverse merely because we believe that a different sentence might have been more appropriate. *Irey*, 612 F.3d at 1191. The appellant bears the burden of establishing that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), sentencing is a two-step process that requires the district court first to "consult the Guidelines and correctly calculate the range provided by the Guidelines," then to consider the factors in 18 U.S.C. § 3553(a) and determine a reasonable sentence. *Talley*, 431 F.3d at 786. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the kinds of sentences available; (6) the sentencing guideline range; (7) pertinent policy statements of the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution to the victims. 18 U.S.C. § 3553(a).

The district court commits a clear error of judgment if it weighs the § 3553(a) factors unreasonably, thus arriving at a sentence that does not achieve the statutory purposes of sentencing. *Irey*, 612 F.3d at 1189. The court may also abuse its discretion by failing to consider relevant factors that were due significant weight, or by giving significant weight to an improper or irrelevant factor. *Id.* Nonetheless, a district court does not abuse its discretion when it merely attaches "great weight" to a single, permissible factor or set of factors. *Gall*, 552 U.S. at 56–59, 128 S. Ct. at 600–02.

The abuse-of-discretion standard applies to substantive reasonableness review "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. In general, "a major departure should be supported by a more significant justification than a minor one." *Id.* at 50, 128 S. Ct. at 597. Still, due deference is owed to "the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," and no presumption of unreasonableness attaches merely because a sentence is outside of the guidelines range. *Id.* at 51, 128 S. Ct. at 597.

Upon review of the record and consideration of the parties' briefs, we affirm.

4

Walker's 120-month sentence was both procedurally and substantively reasonable. As to procedural reasonableness, the district court did not focus on Walker's criminal history to the exclusion of the other § 3553(a) factors, but instead used Walker's criminal history to help inform its decision about how best to further the § 3553(a) statutory goals in this case. The court may have chosen to highlight certain § 3553(a) factors as being especially salient to its task in fashioning a sentence, but the court does not abuse its discretion by placing special emphasis on a particular factor or set of factors in making its sentencing determination. *Gall*, 552 U.S. at 56–59, 128 S. Ct. at 600–02.

As to substantive reasonableness, although the sentence imposed by the court does represent a "major departure" from the range suggested by the Guidelines, the decision of the district court finding that a "significant justification" supported the variance was not unreasonable. *Gall*, 552 U.S. at 50, 128 S. Ct. at 597. The court made specific findings regarding the applicability of a number of the § 3553(a) factors to its sentencing decision, giving particular importance to its conclusion that Walker's criminal history demonstrated "that deterrence is the only effective tool to protect the public." Such a concern with the deterrent effect of a sentence is clearly a statutorily permissible factor for a court to consider under § 3553(a). 18 U.S.C. § 3553(a)(2)(B), (C).

5

Lastly, the district court was not unreasonable in its weighing of the § 3553(a) factors, as consideration of "the history and characteristics of the defendant" is also clearly appropriate when fashioning a sentence. 18 U.S.C. § 3553(a)(1). The court at no point indicated that the sentences Walker had received for his prior offenses were inappropriately lenient or that an above guidelines sentence was warranted here solely because of his history. Walker has not met his burden of showing an abuse of discretion. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is denied as moot.